INDIANA BELL TELEPHONE
CO., Appellant–Defendant,

v.

Sherri MAYNARD, Appellee–Plaintiff.

No. 03A01–9808–CV–00316.

Court of Appeals of Indiana.

Jan. 29, 1999.

Thomas C. Bigley, Jr., Sharpnack, Bigley, David & Rumple, Columbus, Indiana, for Appellant.

Peter Campbell King, Cline, King & King, P.C., Columbus, Indiana, for Appellee.

## OPINION

BAKER, J.

Appellant-defendant Indiana Bell Telephone Company, Inc., d/b/a Ameritech Indiana (Indiana Bell) brings an interlocutory appeal from the trial court's partial denial of its motion for summary judgment regarding the question of whether Indiana Bell is vicariously liable for the assault and intentional infliction of emotional distress upon appellee-plaintiff Sherri Maynard by an Indiana Bell employee. Specifically, Indiana Bell argues that it could not have foreseen the harm caused by its employee and that the trial court thus erred in not finding as a matter of law that Indiana Bell had no duty to and is not liable to Maynard.

## FACTS

The facts are not in dispute. On April 23, 1996, Indiana Bell employee Greg Hall entered Maynard's home to repair her telephone line. While there, he engaged in unwanted sexual touching. Subsequently, Maynard brought a cause of action against Indiana Bell alleging, under a theory of respondeat superior, that Indiana Bell was vicariously liable for the assault and intentional infliction of emotional distress. Maynard further alleged that Indiana Bell negligently hired and retained Hall and that it negligently misrepresented to the public that Hall was qualified to enter customers' premises in a safe and professional manner. Indiana Bell moved for summary judgment on all of the above allegations. Following a hearing on the motion, the trial court granted partial summary judgment, on July 15, 1998, for Indiana Bell on the issues of negligent misrepresentation, and negligent hiring and retention of Hall. However, it denied summary judgment on the issue of vicarious liability, finding that there was a question of fact as to whether Hall's unauthorized acts were within the scope of his employment. Record at 184. Indiana Bell now brings this interlocutory appeal.

## DISCUSSION AND DECISION

### A. Standard of Review

■ When reviewing a denial of summary judgment, this court applies the same standard as the trial court: whether the designated evidentiary matter demonstrates that there is no genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. *Miller Brewing v. Bartholemew County*, 674 N.E.2d 193, 198 (Ind.Ct.App.1996), *trans. denied.* This court does not reweigh evidence, but considers the facts most favorable to the nonmoving party and liberally construes all facts and inferences from designated materials in favor of the nonmoving party. *Indiana State Teachers Ass'n v. Bd. of Sch. Comm'rs of City of Indianapolis*, 693 N.E.2d 972, 973–74 (Ind.Ct.App.1998).

### B. Foreseeability

■ Indiana Bell raises three issues: whether its employee's act fell outside the scope of employment, whether the common carrier exception applies to Indiana Bell, and whether the acts of its employee were foreseeable. We find that the issue of foreseeability is dispositive. Indiana Bell points out that, in deciding negligence claims, the court must first find a duty by considering the foreseeability of the harm caused. Indiana Bell contends that the harm caused by Hall was entirely unforeseeable given his unblemished employment record of twenty-seven years. Therefore, Indiana Bell argues that the trial court erred in finding a question of fact regarding its liability toward Maynard.

■ This court has found that summary judgment is rarely appropriate in a negligence action, but that it may be suitable to determine the legal question of whether a duty exists. *See Bradtmiller v. Hughes Properties, Inc.*, 693 N.E.2d 85, 87 (Ind.Ct. App.1998). In determining whether to impose a duty in a negligence action at common law, this court considers three factors: the relationship between the parties, the reasonable foreseeability of harm, and public policy concerns. *Id.* at 88. An analysis of the foreseeability component of duty involves two considerations: whether the injured person was a foreseeable victim and whether the type of harm actually inflicted was reasonably foreseeable. *Id.*

In the instant case, Indiana Bell had employed Hall for twenty-seven years before it received Maynard's complaint. R. at 71. Indiana Bell's manager of labor relations stated in an affidavit that no disciplinary actions, complaints or grievances had been filed concerning Hall prior to Maynard's complaint. R. at 71. Furthermore, Maynard does not claim that Indiana Bell had any knowledge of bad conduct by Hall prior to the incident at her home. Maynard instead claims that Indiana Bell could have foreseen the harm done to her because other employees of the company had committed similar acts.

We can envision a different set of facts, in which information was available to an employer such as Indiana Bell suggesting that a

particular employee could not safely be sent into customers' homes. We would, in such a situation, find a question of fact as to whether the employer had sufficient notice of possible harm. However, we cannot agree with the notion that improper conduct by a few implies the foreseeability of improper conduct by all. Thus, we find that the designated evidence establishes that Indiana Bell could not have foreseen the harm caused by Hall and that Maynard was not a foreseeable victim.

We have considered the lack of foreseeability in this instance, the arm's-length relationship between Indiana Bell and Maynard, and public policy concerns over the issue of implying foreseeability of one person's bad conduct based upon the acts of others. We now find that Indiana Bell did not have a duty to Maynard in this instance. Thus, we find the trial court erred in denying Indiana Bell's motion for summary judgment regarding the question of whether it was liable to Maynard for the conduct of its employee.

Judgment reversed and cause remanded with instruction to enter summary judgment for Indiana Bell.

GARRARD, J., and ROBB, J., concur.